ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WILLIE GLASS, JR.

        Petitioner,

v.

THE PEOPLE OF THE STATE OF MICHIGAN
JENNIFER GRANHOLM,
ATTORNEY GENERAL,

        Respondents.
_____/

Case No.
HONORABLE: Richard Alan Enslen
U.S. District Judge

5:01-CV-121

Ellen S. Carmody
U.S. Magistrate Judge

Hugh M. Davis, Jr. (P12555)
Timothy M. Holloway (P42977)
Attorneys for Petitioner
450 W. Fort Street, #200
Detroit, MI 48226
(313) 961-2255

Jennifer M. Granholm (P40922)
Attorney General
The Williams Building, 7th Floor
Lansing, MI 48913-0001
(517) 373-0110
_____/

## MOTION FOR IMMEDIATE CONSIDERATION AND FOR AN ORDER STAYING PROCEEDINGS OR FOR AN ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT BE ENTERED

**NOW COMES** Petitioner, WILLIE GLASS, JR., by and through his attorney, HUGH M. DAVIS, of CONSTITUTIONAL LITIGATION ASSOCIATES, P.C. and TIMOTHY M. HOLLOWAY, and move this Honorable Court pursuant to 28 U.S.C. 2241 and F.R.Civ.P. 65 showing as follows:

1

1. The contemporaneously filed Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. 2241 demonstrates that Petitioner Willie Glass, Jr. has completely exhausted all of his state court remedies on the issue of the total exclusion of minorities from his grand jury by virtue of the decision of the Michigan Supreme Court (Exhibit 1) and will not ever be allowed even an opportunity to investigate whether or not that total racial exclusion represents a constitutional violation under either the Sixth or Fourteenth Amendments.

2. Further, Petitioner, Willie Glass, Jr. is scheduled to go to trial on state charges on a conspiracy to distribute more than 650 grams of a mixture containing cocaine in Eaton County Circuit Court on October 22, 2001, before what will certainly be an all white jury and under circumstances where the venue in Eaton County was obtained by the manipulation of the all white grand jury.

3. Petitioner Willie Glass, Jr., a black man, if convicted, will be required to endure years of appeals and other post-conviction remedies in the state courts in order to exhaust his remedies in such a fashion as to create jurisdiction in the federal courts for a post-conviction habeas corpus proceeding under 28 U.S.C. 2254. However, the issues contained in the instant petition will not be includable or allowable in those appeals inasmuch as they are already the law of the case pursuant to the decision of the Michigan Supreme Court denying him discovery.

4. As such, this petition, under 28 U.S.C. 2241 is a proper and appropriate pre-conviction remedy which should be exercised and utilized prior to the imposition of penal jeopardy, inasmuch as, if petitioner, Willie Glass Jr. ultimately prevails on these grounds, then his indictment and conviction will necessarily be invalidated because the United States Supreme Court, in an unbroken line of cases over more than 100 year period, has uniformly held that racial discrimination in the selection of the grand jury which brings the indictment is not subject

to any harmless error analysis, even in the face of overwhelming proof of guilt, which Petitioner here denies. Vasquez v. Hillery, 474 U.S. 254, 261-262 (1986); Castaneda v. Partida, 430 U.S. 482, 492-493 (1976); Washington v. Davis, 426 U.S. 229, 241 (1975); Alexander v. Louisianna, 405 U.S. 625, 628 (1972); Arnold v. North Carolina, 376 U.S. 773 (1964); Ubanks v. Louisianna, 456 U.S. 584 (1958); Reece v. Georgia, 350 U.S. 85 (1955); Hernandez v. Texas, 347 U.S. 475 (1954); Cassell v. Texas, 339 U.S. 282 (1950); Hill v. Texas, 316 U.S. 400 (1942); Smith v. Texas, 311 U.S. 128 (1940); Pierre v. Louisianna, 306 U.S. 354 (1939); Rogers v. Alabama, 192 U.S. 226 (1904); Carter v. Texas, 177 U.S. 442 (1900); Bush v. Kentucky, 107 U.S. 110 (1883).

5. Willie Glass, Jr. originally filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241 in the Eastern District of Michigan based on good and substantial grounds and, had the District Court for the Eastern District of Michigan inquired, because venue was proper there.

6. However, the Honorable George Carem Steeh sua sponte entered an order transferring the case based on venue on September 28, 2001 (attached as Exhibit 2).

7. Consultation with the Clerks of the Eastern and Western Districts have indicated that the transfer order would not be effectuated in less than 2 weeks. Further, any motion for reconsideration would not or could not automatically be heard within the time necessary to stay the proceedings in People v. Glass, 95-285-FC in the Eaton County Circuit Court, scheduled to begin on October 22, 2001.

8. Therefore, Petitioner refiled his papers in this District, along with this Motion for Immediate Consideration and Order to Show Cause why a preliminary injunction should not issue staying the criminal proceedings in the state court.

9. The court has inherent authority pursuant to 28 U.S.C. 2241 and specific authority pursuant to F.R.Civ.P. 65, to enter a preliminary and/or permanent injunction staying the state criminal prosecution until this singular constitutional issue under the Sixth and Fourteenth Amendments is decided.

10. The authority for petitioner's claim for relief is set forth in the attached Petition for Habeas Corpus.

11. An Order to Show Cause why a preliminary injunction staying the criminal proceedings in state court and/or the mere issuance of said preliminary injunction is required in order to protect the constitutional rights of the petitioner from years of potential incarceration under circumstances where he can no longer raise this issue in the state courts.

WHEREFORE, Petitioner, WILIE GLASS, JR. respectfully requests that this Honorable Court issue an Order to Show Cause to the respondent, People of the State of Michigan, and Jennifer Granholm, the Attorney General, why a preliminary injunction should not issue staying the criminal proceedings below until the determination of this Petition.

Respectfully submitted,

CONSTITUTIONAL LITIGATION ASSOC., P.C.

By: _____
Hugh M. Davis (P 12555)
Co-Counsel for Petitioner
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
Telephone: (313) 961-2255

By: _____
Timothy Holloway (P 42977)
Co-Counsel for Petitioner

Dated: October 3, 2001.

C:\CLADOCS\Cases\GLASS\95-022\PLDGS\Mtn for Imm Cons and Stay.rtf

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

WILLIE GLASS, JR.

        Petitioner,                      Case No.
                                                      HONORABLE:

v.

THE PEOPLE OF THE STATE OF MICHIGAN
JENNIFER GRANHOLM,
ATTORNEY GENERAL,

        Respondents.
_____/

Hugh M. Davis, Jr. (P12555)
Timothy M. Holloway (P42977)
Attorneys for Petitioner
450 W. Fort Street, #200
Detroit, MI 48226
(313) 961-2255

Jennifer M. Granholm (P40922)
Attorney General
The Williams Building, 7th Floor
Lansing, MI 48913-0001
(517) 373-0110
_____/

**BRIEF IN SUPPORT OF
MOTION FOR IMMEDIATE CONSIDERATION
AND FOR AN ORDER STAYING PROCEEDINGS
OR FOR AN ORDER TO SHOW CAUSE WHY
<u>A STAY SHOULD NOT BE ENTERED</u>**

    Petitioner, WILLIE GLASS, JR., relies on the files and records in this cause of action in support of his Motion for Immediate Consideration and for an Order Staying Proceedings or for

an Order to Show Cause Why a Stay Should Not Be Entered, filed herein.

          Respectfully submitted,

          CONSTITUTIONAL LITIGATION ASSOC., P.C.

By: _____
Hugh M. Davis (P12555)
Co-Counsel for Petitioner
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
Telephone: (313) 961-2255

By: _____
Timothy Holloway (P 42975)
Co-Counsel for Petitioner

Dated: October ___, 2001.

C:\CLADOCS\Cases\GLASS\95-022\PLDGS\Brf Supt Mtn Imm Cons and Stay.rtf